| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

JAMES McMILLAN,

                      Plaintiff,

    - versus -

LISCO HOLDINGS, LLC, "JOHN DOE"
and/or "JANE DOE",

                      Defendants.

MEMORANDUM
AND ORDER
15-CV-380 (JG)

JOHN GLEESON, United States District Judge:

        On January 23, 2015, *pro se* plaintiff James McMillan filed this civil action, along with an application for an order to show cause why a preliminary injunction and temporary restraining order should not issue prohibiting his eviction from 17 St. Marks Place in New York, New York. Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order, but the complaint is dismissed for lack of subject matter jurisdiction. As there is no basis for subject matter jurisdiction, the Court cannot consider plaintiff's request for a preliminary injunction or temporary restraining order.

## BACKGROUND

        According to the complaint and accompanying documents, McMillan alleges the following facts: McMillan and his landlord have disputed his right to access and use the premises located at 17 St. Marks Place in Manhattan since the landlord locked him out of the building some time prior to March 9, 2009. *See* Compl. (ECF No. 1, Jan. 23, 2015) at 1. On March 9, 2009, a civil court judge ordered that McMillan be given a key. *Id.*, Ex. A (Stip. of Settlement, *Lisco Holdings LLC v. McMillan*, No. 95967/08 (N.Y. Civ. Ct., Feb. 27, 2008)).

1

However, as of the date of his Complaint, McMillan states the defendant still has not given him a key. *Id*. at 1. The defendant brought a holdover proceeding against McMillan in May 2011, and, thereafter, refused to renew the lease. *Id.* The landlord refused to accept or returned 18 months of rent payments following the holdover proceeding. *Id.* As proof, McMillan attaches copies of returned checks, along with letters from Jaguar Holdings stating, "We cannot accept this check at this time." *Id.*, Ex. B (Letters dated May 9, July 14, and August 11, 2011). Plaintiff also alleges that he was served with an eviction notice on January 15, 2015. *Id*., Ex. C (Eviction Notice).

McMillan states that he is undergoing treatment for post-traumatic stress disorder ("PTSD"). *Id*. at 2. He attaches letters from the Department of Veterans Affairs certifying that he receives psychiatric care at the PTSD Clinic at the Brooklyn Veterans Affairs Medical Center. *Id.*, Ex. D (Letters dated Nov. 10 and April 3, 2014). One of these letters states: "Increased stress levels will exacerbate [McMillan's] underlying condition. Please take this into consideration when interacting with him." *Id.* (Ex. D, April 3, 2014 Letter).

The Complaint is titled "Extortion," and plaintiff asserts the jurisdiction of this court pursuant to 18 U.S.C. § 875. *Id*. at 1. He seeks injunctive relief and money damages in the amount of $1.3 million. *Id.* at 2.

In a separate document titled "Motion" attached to the complaint, McMillan alleges a conflict of interest and asks that he be allowed to bring this case in this court instead of the Southern District of New York because "[t]he attorney firm is an advisory to the Southern District of New York, a Clerk for a sitting Judge . . . ." *See* Motion at 1.

DISCUSSION

In reviewing the complaint, I am mindful that McMillan is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks and citations omitted). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

However, a complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and quotation marks omitted). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, see 28 U.S.C. § 1331, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's complaint fails to assert a valid basis for subject matter jurisdiction. The face of the complaint precludes diversity jurisdiction, as both the plaintiff and the defendant reside in New York. Moreover, federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters. *See, e.g.*, *Galland v. Margules*, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) (citations omitted) (dismissing for lack of jurisdiction); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) ("[I]t is well settled that the landlord-tenant relationship is fundamentally a matter of state law.") (citation and quotation marks omitted).

Plaintiff cites a section of the United States Criminal Code related to extortion. *See* Compl. at 1 (citing 18 U.S.C. § 875). Generally, violations of the penal statutes—including extortion—may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action. *See Heicklen v. U.S. Dep't of Homeland Sec.*, No. 10 CIV. 2239 RJH JLC, 2011 WL 3841543, at *15 (S.D.N.Y. Aug. 30, 2011) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975) (additional citations omitted) *report and recommendation adopted*, No. 10 CIV. 2239 RJH JLC, 2011 WL 4442669 (S.D.N.Y. Sept. 23, 2011). The extortion statute cited by plaintiff, 18 U.S.C. § 875, contains no such cause of action. *See Williams v. Jurow*, No. 05 Civ. 6949, 2007 WL 5463418, at *13 (S.D.N.Y. June 29, 2007) ("[T]here is no private right of action under the federal extortion statute.") (citation omitted), *report and recommendation adopted in relevant part,* 2008 WL 4054421 (S.D.N.Y. Aug. 28, 2008).

Plaintiff has not cited any other provision of federal law that would confer federal question jurisdiction over the matter. He states that he suffers from PTSD, but he does not allege that his landlord discriminated against him on this or any other basis.

CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[1] I lack jurisdiction to rule on plaintiff's request for a temporary restraining order and preliminary injunction. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: January 29, 2015
      Brooklyn, New York

---

[1] If there were subject matter jurisdiction, I would order a transfer of the case to the Southern District of New York, where all of the events giving rise to the case occurred and both parties reside. The plaintiff's claim that that court could not fairly resolve his dispute has no merit.